McLaughlin, J.
(concurring): I concur in the opinion of Mr.' Jtistice Ingraham in so far as he holds that the decree on the accounting of the executors,is á bar to this action, but I cannot agree with him that the admission to probate of the 7th codicil has the same effect. The question prese,nted to the-Surrogate’s Court upon the application for the probate was whether the-'will and codicils taken together was the last • will and testament of the testator, and this ■ required it to find, not whether the instruments or any of them had been made in violation of some agreement, but simply whether they had been executed according to law, and also whether the testator' at the time of their respective executions was competent to make - a testamentary disposition of his property. This conclusion seems to follow from the express provisions of's'ection 2622 of the Code of Civil Procedure, which provides, -that before admitting a will to probate “ the surrogate must inquire particularly into all the facts and circumstances and must: be satisfied of the genuineness of the will and the validity of its execution.” And section 2623, which provides that “if it,appears to the surrogate that -the will was duly executed and, thart the testator, at .the time of executing it, was in all respects *273 competent to make a will and not under restraint, it must be admitted to probate * * These provisions are not qualified or limited by sections 2624 and 2626, as it seems to me, at least to the extent claimed by Mr. Justice Ingraham. They provide, in substance, that if a party to a proceeding for the probate of a will expressly puts in issue before the surrogate the validity, construction or effect of any disposition of personal property contained therein the surrogate must determine the question upon rendering a decree unless probate be refused and that the decree is conclusive only upon the petitioner and each party who was duly cited or appeared and every person claiming from, through or under either of them.
The questions which may be here raised are those that arise under the will and are to be determined by a construction of it, aided, if necessary, by extrinsic evidence. (Matter of Walker, 136 N. Y. 20.) This is to the end that the intent of the testator may be carried out and not destroyed. It cannot be that these sections contemplate that an issue may be raised as to the right of the testator to make a will at all, or to make it in the manner in which he did. Upon the probate proceedings, therefore, it having been made to appear that the testator was competent to make a will at the time it and the codicils were executed, and that all of them were executed according to law, probate could not have been refused of the 7th codicil on the ground that it violated the agreement referred to in the complaint. (Kine v. Farrell, 71 App. Div. 219.) This question, however, might have been raised upon the final settlement and distribution of the testator’s estate. At that time the question had to be determined, if at all, in order to enable the surrogate to make a proper decree. Section 2743 of the Code of Civil Procedure specifies what such a decree shall contain, and, among other things, provides as follows: “ Where an account is j ndicially settled * *. * and any part of the estate remains and is ready to be distributed * * * the decree must direct the payment and distribution thereof to the persons so entitled according to their respective rights. # * * Where the validity of the debt, claim or distributive share is admitted or has been established upon the accounting, * * * the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same.” *274 The plaintiff, therefore, had the right oil the- accounting to object to the enforcement of the 7th codicil on the ground that it was in violation .of the testator’s agreement, and had lie done so, the surrogate, before a decree could have been made, would have had to pass-upon -that question, otherwise he could not have made a proper decree. (Matter of United States Trust Co., 175 N. Y. 304.) He did not then object to the enforcement of the 7th codicil as a valid disposition of the testator’s property, nor did he question *in any way the validity of the decree which was made carrying out the codicil in precisely the manner directed by the testator. He was. a party to the proceedings, and this decree is binding upon him so long as it stand's in force, and he. cannot, while it so stands, be heard to say that the 7th codicil is invalid inasmuch as it violates the agreement alleged in the complaint. (Brown v. Wheeler, 53 App. Div. 6.)
For these reasons I think the conclusion reached-, by Mr. Justice Ingbaham reversing the judgment is correct.